FILED
 2013 Feb-27  PM 02:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JUDY A BEVERLY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:12-cv-02890-AKK** |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Judy A. Beverly ("Beverly") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits to Beverly.

### I. Procedural History

Beverly protectively filed an application for a period of disability and

Disability Insurance Benefits on September 7, 2006, alleging a disability onset date of August 10, 2006 due to major back problems and depression. (R. 169, 185, 190). After a remand from the Appeals Council, Beverly had a hearing before an ALJ. (R. 46-78). The ALJ subsequently denied Beverly's claim, (R. 17-35), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-6). Beverly then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1; *see also* doc. 7.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable

and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied]

when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV.  The ALJ's Decision

The ALJ properly applied the five step analysis and first determined that Beverly has not engaged in substantial gainful activity since August 10, 2006, and therefore met Step One. (R. 23). The ALJ also acknowledged that Beverly's degenerative disc disease, spondylosis, minimal to mild protruding discs at the C3-4, C4-5, C5-6, and C6-7 level, and chronic neck pain were severe impairments that met Step Two. *Id*. The ALJ proceeded to the next step and found that Beverly failed to meet or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 and thus did not satisfy Step Three. *Id*. at 27. Although he

answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Beverly

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). As opined by Dr. Levine, a medical expert, the claimant can occasionally lift 20 pounds and frequently lift 10 pounds but not above shoulder level, sit for 6 out of 8 hours with customary breaks, and stand/or walk for 6 out of 8 hours with customary breaks. The claimant can occasionally climb stairs, kneel, crouch, or stoop, and she should avoid climbing ladders, crawling, being around unprotected heights, heavy vibratory machinery, and extreme cold exposure. The claimant has unlimited use of the upper extremities for fine and gross manipulation except for above shoulder level, and she should not be made to look upward (above the shoulder level).

(R. 28). With respect to the pain standard, the ALJ found that Beverly's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Beverly's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." *Id*. at 29. As a result, the ALJ found that Beverly is capable of performing past relevant work as an electrical assembler and sewing machine operator. *Id*. at 30. Accordingly, the ALJ determined that Beverly is not disabled. *Id.*; *see also McDaniel*, 800 F.2d at 1030.

## V. Analysis

Beverly contends that the ALJ's opinion is due to be reversed and remanded

because he allowed the medical expert to testify at the hearing by telephone and because certain passages of the expert's testimony are incomplete. Doc. 7. For the reasons stated more fully below, the court finds that the ALJ's decision is supported by substantial evidence.

### A.     Expert Testimony by Telephonic Appearance

Beverly contends that "[t]he ALJ relied heavily if not exclusively on testimony of the medical expert[, Dr. Allan Levine,] at the most recent evidentiary hearing." Doc. 7 at 4. Although Beverly does not contend that the ALJ erroneously weighed the medical evidence or relied on this testimony, she asserts that the ALJ's decision should nevertheless be overturned because (1) Dr. Levine should have testified in person or by video teleconference instead of by telephone, and (2) the Commissioner must supply a complete transcript of Dr. Levine's testimony since some of it was transcribed as "INAUDIBLE" at the hearing. *Id*. at 4, 9. These assertions are unavailing.

With respect to the manner in which Dr. Levine testified at the hearing, Beverly correctly states that the regulations make reference only to testifying in person or by video teleconferencing. *See* 20 C.F.R. §§ 404.936(c), 404.950(a). However, the Hearings, Appeals, and Litigation Law Manual specifically provides that an ALJ may allow a witness to testify in person, by video teleconferencing, or

by telephone. HALLEX I-2-5-30, 1994 WL 637367. The manual also provides that, just as with any other aspect of the hearing, the claimant may object to the form of appearance at or before the hearing. *Id*. In this instance, Beverly failed to object at or before the hearing to Dr. Levine testifying by telephone. Accordingly, the ALJ did not err in allowing this form of appearance and Beverly's objection is untimely.

Additionally, the ALJ did not rely exclusively on the hearing transcript in reaching his determination that Beverly is not disabled. Since portions of Dr. Levine's hearing testimony were inaudible, the ALJ asked Dr. Levine to review additional evidence and complete an interrogatory. (R. 27). Dr. Levine responded to this request by clarifying the inaudible portions of his testimony and providing additional information based on the entire medical record. *Id*. at 590-92. The ALJ's opinion indicates that he relied primarily upon Dr. Levine's interrogatory response report instead of the incomplete testimony transcript. *Id*. at 27. Moreover, the ALJ's opinion is largely based on medical evidence provided by Beverly's treating physicians, which Beverly does not dispute fails to support her claim of disability. *Id*. at 23-30; *see also* doc. 7. Accordingly, the ALJ did not erroneously rely on the testimony transcript of Dr. Levine and the ALJ's opinion is based on substantial evidence.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Beverly is not disabled is supported by substantial evidence and proper legal standards were used in making this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 27th day of March, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE